Judge: The Honorable Paul B. Snyder
Chapter: 11
Hearing Location: Tacoma, Room H
Hearing Date: February 3, 2011
Hearing Time: 9:00 a.m.
Response Date: January 27, 2011

# IN THE UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

In Re:

PRIUM LAKEWOOD BUILDINGS LLC,

                         Debtor.

Taxpayer Identification No. 03-0587427

Debtor's Address
820 A Street, #300
Tacoma, WA 98402

BANKRUPTCY NO. 10-48621

**DEBTOR'S DISCLOSURE STATEMENT**

      IMPORTANT. THIS DISCLOSURE STATEMENT HAS BEEN APPROVED BY THE BANKRUPTCY COURT FOR DISSEMINATION TO CREDITORS AND PARTIES IN INTEREST, AND CONTAINS INFORMATION WHICH MAY BEAR UPON YOUR DECISION TO VOTE TO ACCEPT OR REJECT THE DEBTOR'S PLAN OF REORGANIZATION PROPOSED BY PRIUM LAKEWOOD BUILDINGS LLC. THE INFORMATION PROVIDED IN THIS DISCLOSURE STATEMENT IS BASED ON THE DEBTOR'S BEST INFORMATION AND BELIEF. PLEASE READ THIS DISCLOSURE STATEMENT WITH CARE. BE AWARE, HOWEVER, THAT THE DEBTOR'S PLAN OF REORGANIZATION CONTROLS IF THERE IS A CONFLICT OR INCONSISTENCY BETWEEN THIS DISCLOSURE STATEMENT AND THE DEBTOR'S PLAN OF REORGANIZATION.

DEBTOR'S DISCLOSURE STATEMENT - 1

636395.01



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

# I. INTRODUCTION

On October 19, 2010, Prium Lakewood Buildings LLC ("Debtor") filed voluntary a Chapter 11 petition in the United States Bankruptcy Court for the Western District of Washington at Tacoma ("Bankruptcy Court"). The Debtor's bankruptcy case is pending in the Bankruptcy Court under Bankruptcy No. 10-48621. The Debtor is continuing to operate its business and manage its affairs as a debtor-in-possession.

This Disclosure Statement contains information regarding the Debtor and its proposed Debtor's Plan of Reorganization ("Plan"). Pursuant to 11 U.S.C. § 1125, a copy of this Disclosure Statement and the Plan are being distributed to you to enable you to make an informed judgment about the Plan. The Bankruptcy Court has reviewed this Disclosure Statement and, after notice and a hearing, approved this Disclosure Statement as containing adequate information to fulfill that purpose. The Bankruptcy Court's approval of this Disclosure Statement, however, does not constitute a recommendation or endorsement of the Plan.

This Disclosure Statement has been prepared to disclose information which in the Debtor's opinion is material, important and necessary to evaluate the Plan. The information contained in this Disclosure Statement is intended solely for that purpose and should not be relied upon by anyone for any other purpose. No representation concerning the Debtor or the Plan is authorized by the Debtor other than as set forth in this Disclosure Statement.

A creditor or equity security holder may vote to accept or reject the Plan by completing the ballot provided with this Disclosure Statement and sending the original ballot to:

> Ryan, Swanson & Cleveland, PLLC
> 1201 Third Avenue, Suite 3400
> Seattle, Washington 98101-3034
> Attention: Anne K. Hermes

DEBTOR'S DISCLOSURE STATEMENT - 2

636395.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

The Bankruptcy Court has fixed March __, 2011 at 5:00 p.m. as the deadline for ballots to be received by Ryan, Swanson & Cleveland, PLLC. No ballot received after the deadline will be counted. If the Plan is confirmed by the Bankruptcy Court, it will bind all creditors and equity security holders irrespective of their individual vote.

The hearing to consider confirmation of the Plan will be held before the Honorable Paul B. Snyder, United States Bankruptcy Judge, United States Courthouse, Room H, 1717 Pacific Avenue, Tacoma, Washington 98402 on March __, 2011 at 9:00 a.m. The Bankruptcy Court will confirm the Plan if it meets the requirements contained in the Bankruptcy Code. A more detailed discussion of those requirements appears on pages 9 through 11 of this Disclosure Statement under the section entitled "Confirmation of the Plan."

## II. RECOMMENDATION

The Debtor believes the Plan provides the best feasible recoveries to creditors and, therefore, urges you to vote to accept the Plan and to timely return your completed ballot so that your vote will be counted.

## III. ORGANIZATION AND HISTORY OF THE DEBTOR

The Debtor is a Washington limited liability company. The sole member of the Debtor is Prium Companies LLC. The members of Prium Companies LLC are Thomas W. Price, Hyun Um and William Stegeman.

The Debtor owns several parcels of commercial real property. Together, the properties comprise Lakewood Colonial Center, an income-producing retail and office center ("Center"). The Center is located in Lakewood, Washington and essentially operates as a single real estate project. The primary tenants at the Center include QFC, Federal Express, U.S. Bank, Washington State Employees Credit Union, AutoZone, MultiCare Health System and Sound Bank. Currently, about 90% of the space at the Center is leased to tenants.

In May 2006, the Debtor borrowed $16,000,000 from First Independent Bank ("Bank"). The loan was secured by the Center. The loan matured on June 1, 2010.

DEBTOR'S DISCLOSURE STATEMENT - 3

636395.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

The Debtor's efforts to negotiate an extension beyond June 1, 2010 were unsuccessful. The Bank commenced a non-judicial foreclosure proceeding and filed an action in Pierce County Superior Court (No. 10-2-13556-7) seeking the appointment of a general receiver. The Debtor believed the appointment of a receiver would be detrimental to the Debtor and harmful to the operation of the Center. The Bank disputes this belief.

As a result of the situation described above, the Debtor filed its bankruptcy case on October 19, 2010 ("Petition Date").

## IV. POST PETITION EVENTS

Since the Petition Date, the Debtor has continued to operate the Center. The Debtor's operations have been financed pursuant to a cash collateral agreement between the Debtor and the Bank. The Bankruptcy Court approved the cash collateral agreement on December 16, 2010.

## V. CURRENT FINANCIAL CONDITION

The Debtor's financial condition has remained relatively stable since the Petition Date. The rents and other income currently generated by the Center of approximately $130,000 per month are sufficient to pay the current operating expenses and an interest only payment to the Bank at the non-default rate. The only significant obligations accruing since the Petition Date are the fees and costs of the professionals employed by the Debtor in its bankruptcy case.

Additional information regarding the Debtor's financial performance since the Petition Date is available in monthly reports that are on file with the Bankruptcy Court and are of public record.

## VI. SUMMARY OF PLAN OF REORGANIZATION

The Plan has been provided to all of the Debtor's known creditors, potential creditors and equity security holders. The Plan should be read carefully and independently of this Disclosure Statement. The following summary of the Plan is intended to provide a context for understanding the remainder of this Disclosure Statement.

DEBTOR'S DISCLOSURE STATEMENT - 4

636395.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

The Plan centers on the restructuring of the Debtor's obligations to the Bank, leasing the remaining vacant space at the Center (approximately 10%) and a sale or refinance of the Center in 2013.

The Plan establishes four classes of claims and interests.

Class 1 consists of the Bank's claims. The amount of the Bank's claims including principal and certain interest, fees and costs will be fixed in a new principal amount as of the effective date of the Plan. The Debtor estimates the new principal amount of the Bank's claims will be about $15,950,000. The Bank's claims will earn interest at the fixed rate of 4.5% per annum and be due in full on December 31, 2013. The Bank will retain its first position security interest against the Center. The Debtor will make monthly payments to the Bank based on the new principal balance of the Bank's claims and an amortization period of 25 years (approximately $60,000 a month) from its rental income and a lump sum payment to the Bank of the balance of its claim upon a sale or refinance of the Center. If the Debtor defaults, the Bank will be allowed to exercise the rights and remedies provided for in its loan documents and pursuant to applicable state law. Those rights and remedies include foreclosure.

Class 2 consists of the claims of Bingo Investments I, LLC ("Bingo"). Bingo asserts a claim of more than $2,325,000. Bingo's claim will be fixed in the principal amount of $500,000 on the effective date of the Plan. The principal amount will earn interest at the fixed rate of 4.5% per annum and be due in full on December 31, 2013. Bingo will retain its second position security interest against the Center. The Debtor will make monthly payments to Bingo of $1,875 (interest only) from its rental income and a lump sum payment to Bingo of the balance of its claim upon a sale or refinance of the Center. If the Debtor defaults, Bingo will be allowed to exercise its state law rights to foreclose or otherwise execute on its security interest.

636395.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

Class 3 consists of unsecured claims arising prior to the Petition Date that are not included in any other class.  The allowed claims in Class 3 will earn interest at the fixed rate of 2% per annum.  Class 3 claims will be paid at the rate of $25,000 every six months from rental income from October 2011 until December 2013 or paid in full, whichever comes first.

Class 4 consists of the membership interests in the Debtor.  The existing member will retain its membership interests.

The Plan was developed based on a cash flow model prepared by the Debtor ("Model").  A copy of the Model is attached as Exhibit A.  The Debtor believes the Model is conservative, realistic and can be achieved.  The Model demonstrates that the Debtor will have sufficient cash available to make the payments required by the Plan through 2013.  Below is a summary based on the cash available shown on the "NET PROFIT/(LOSS)" lines of the Model.

| Cash Available for Plan Payments | 2011 | 2012 | 2013 |
|---|---|---|---|
| Debtor | $981,464 | $1,374,512 | $1,389,424 |
| **Plan Payments** | | | |
| Bank[1] | <720,360> | <1,080,540> | <1,080,540> |
| Bingo | <15,000> | <22,500> | <22,500> |
| Unsecured Creditors | <25,000> | <50,000> | <50,000> |
| BALANCE | 221,104 | 221,472 | 236,384 |

Any excess cash will be used for purposes the Debtor deems prudent.

**VII.  ESTIMATION OF CLAIMS PARTICIPATING IN THE PLAN**

Under the Bankruptcy Code, a creditor in a Chapter 11 bankruptcy case may participate in an estate if either: (1) the creditor has timely filed a proof of claim with the Bankruptcy Court, or (2) the debt owed to the creditor is listed on the debtor's bankruptcy

---

[1] Assumes a claim amount of $16,200,000.  The Debtor believes the actual claim amount will be less than $16,000,000.

DEBTOR'S DISCLOSURE STATEMENT - 6

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

schedules as not being unliquidated, contingent or disputed. Below is the Debtor's best estimation of the amount of claims in each class. Creditors should be aware, however, that the actual allowed claims in each class may materially differ from the Debtor's estimate. Nevertheless, the estimates are provided to give creditors as good an indication as currently possible as to the probable claims.

| Class No. | Description | Estimate | Explanation |
|---|---|---|---|
| None | Administrative Expenses | $35,000 | The Debtor's estimate of unpaid post-petition professional fees as of November 30, 2010 ($10,000) and the Debtor's estimate of additional professional fees until the effective date of the Plan ($25,000). |
| 1 | Bank's Claim | $15,950,000 | Debtor's estimate based on information provided by the Bank |
| 2 | Bingo's Claim | $2,325,000 | Debtor's bankruptcy schedules |
| 3 | Unsecured Claims | $62,000 | Debtor's bankruptcy schedules |

Creditors should be aware that the Debtor may dispute the amount, priority and/or secured portion of some claims and file objections to those claims. Thus, the claims participating in the Plan may be augmented or reduced through litigation, compromise or other developments subsequent to the date of this Disclosure Statement and confirmation of the Plan.

## VIII. COMPARISON OF PLAN TO CHAPTER 7 LIQUIDATION

If the Bankruptcy Court were to find at the hearing on confirmation of the Plan that creditors will receive or retain under the Plan property of a value as of the effective date of the Plan that is not less than the amount that such creditors would receive or retain if the Debtor was liquidated under 11 U.S.C. Chapter 7 as of such date, then the requirement set forth in 11 U.S.C. § 1129(a)(7)(A)(ii) will be satisfied. This requirement must be satisfied with respect to a class of claims only if less than all holders of claims or interests in such class have accepted the Plan.

DEBTOR'S DISCLOSURE STATEMENT - 7

636395.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

In a liquidation under Chapter 7, a trustee would be appointed to liquidate the Debtor's assets. A liquidation estate would consist primarily of the Center. Since this is a single asset real estate case, the Bank would likely be granted immediate relief from stay to foreclose on the Center. Thus, it is unlikely a trustee would be able to sell the Center.[2] Instead, the Bank would likely foreclose. Creditors other than the Bank would lose the benefit of the Center. Thus, creditors other than the Bank are unlikely to receive anything in a Chapter 7 case.

By comparison, under the Plan, the Bank is expected to be paid in full and all other creditors have an opportunity to be paid some or all of the amount they are owed.

The Debtor believes that all creditors will receive or retain under the Plan on account of their claims, property having a value that is not less than the amount that such creditors would receive or retain if the Debtor was liquidated under 11 U.S.C. Chapter 7.

## IX. RISKS

The successful implementation of the Plan is contingent upon many assumptions, some or all of which could fail to meet expectations and preclude the Plan from being confirmed or producing the anticipated results. Some of the more significant risks are as follows:

1. There is no guarantee the Plan will be confirmed. If it is not, the Bank will likely foreclose on the Center.

2. There is no guarantee that the Debtor will be able to perform consistent with the Model. For examples: (a) a major tenant could leave or have financial troubles, and (b) the Debtor may not be able to lease the roughly 10% vacant space at the Center as fast or for as much as the Debtor expects.

---

[2] Even if the trustee did sell the Center, it is unlikely there would be enough money for anyone other than the Bank. The Debtor is aware of a June 2009 appraisal that valued the Center at $17,250,000. Assuming a sale at that price and 7% costs of sale, the net proceeds would be $16,042,500.

DEBTOR'S DISCLOSURE STATEMENT - 8

636395.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

3. There is no guarantee the Debtor will be able to sell or refinance the Center by the December 31, 2013 deadline.

4. The Debtor has not done any investigation as to the tax consequences for creditors under the Plan. There may be adverse tax consequences for creditors, and creditors with such concerns should consult their own tax advisors.

## X. CONFIRMATION OF THE PLAN

**A. Voting Procedures.**

A ballot to be used for voting on the Plan accompanies this Disclosure Statement and the Plan. Holders of claims or interests should read the instructions carefully, complete, date and sign the ballot, and send it to the indicated address. To be counted, your ballot must be received at the indicated address no later than March __, 2011 at 5:00 p.m. Failure to vote or a vote to reject the Plan will not affect the treatment to be accorded a claim if the Plan is nevertheless confirmed.

If more than one-half (1/2) in number of claimants voting and at least two-thirds (2/3) in amount of the allowed claims of such claimants in each of Classes 1, 2 and 3 vote to accept the Plan, such classes will be deemed to have accepted the Plan. For purposes of determining whether a class of claims has accepted or rejected the Plan, only the votes of those who have timely returned their ballots will be considered. If a voting class does not accept the Plan, the Debtor will seek confirmation under 11 U.S.C. § 1129(b). This section generally requires that the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan.

**B. Hearing on Confirmation.**

The hearing on confirmation of the Plan has been set for March __, 2011 at 9:00 a.m. before the Honorable Paul B. Snyder, United States Bankruptcy Judge, United States Courthouse, Room H, 1717 Pacific Avenue, Tacoma, Washington 98402. The Bankruptcy

DEBTOR'S DISCLOSURE STATEMENT - 9

636395.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

Court shall confirm the Plan at the hearing only if the requirements of 11 U.S.C. § 1129 are satisfied.

**C.  Comparison to Chapter 7.**

To satisfy one of the requirements of 11 U.S.C. § 1129, the Debtor must establish that with respect to each class, each holder of a claim or interest in that class has accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of a value that is not less than the amount that such holder would receive if the Debtor was liquidated under 11 U.S.C. Chapter 7. As discussed on pages 7 and 8 of this Disclosure Statement under the section entitled "Comparison of Plan to Chapter 7 Liquidation," the Debtor believes that the Plan satisfies this test. The Debtor anticipates the Bankruptcy Court will make such a determination at the hearing on confirmation.

**D.  Feasibility.**

The Plan provides for the operation of the Center for several years followed by a sale or refinance in 2013. The Debtor believes the Model supporting the Plan is reasonable and can be achieved. If that occurs, by 2013 the amount owed to the Bank will be paid down to a level (approximately $15,000,000) where the Debtor believes a sale or refinance for an amount sufficient to pay all claims consistent with the Plan can be accomplished. As such, the Debtor believes the Plan is feasible as defined by Bankruptcy Code requirements.

**E.  Treatment of Dissenting Classes of Creditors.**

The Bankruptcy Code requires the Bankruptcy Court to find that the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan. Upon such a finding, the Bankruptcy Court may confirm the Plan despite the objections of a dissenting class.

**F.  Effect of Confirmation.**

The Plan shall bind the Debtor and all other parties in interest, including any creditor, whether such creditor is impaired under the Plan and whether such creditor has accepted the

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

Plan.

G. **Consequences of Failure to Confirm the Plan.**

If the requirements for confirmation of the Plan are not satisfied, the Debtor intends to amend the Plan in a manner that makes confirmation possible. If the Plan as amended cannot be confirmed, it would likely be necessary to convert the case to Chapter 7 or dismiss the case.

H. **Disclosures Required by the Bankruptcy Code.**

The Bankruptcy Code requires disclosure of certain information:

1. There are no payments or promises of any kind specified in 11 U.S.C. § 1129(a)(4), including payments to attorneys or accountants, that will not be subject to approval by the Bankruptcy Court.

2. Management of the Debtor's business will remain the general responsibility of Prium Companies LLC. The members of Prium Companies LLC are Thomas W. Price, Hyun Um and William Stegeman. These individuals are all experienced in real estate projects similar to the Center. The sole manager of Prium Companies LLC is William Stegeman. The Debtor believes William Stegeman is qualified to manage Prium Companies LLC and management of the Debtor by Prium Companies LLC is consistent with the interests of creditors and with public policy as required by 11 U.S.C. § 1129(a)(5). Prium Companies LLC and its members will not be paid a salary by the Debtor.

DATED this 3rd day of January, 2011.

PRIUM LAKEWOOD BUILDINGS LLC

By _____*/s/ William Stegeman*_____
William Stegeman, a member and the sole manager of Prium Companies LLC which is the sole member of Prium Lakewood Buildings LLC

DEBTOR'S DISCLOSURE STATEMENT - 11

636395.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

1    SUBMITTED to the Court this 3rd day of January, 2011.

2                                          RYAN, SWANSON & CLEVELAND, PLLC

3

4                                          By    /s/ Timothy W. Dore
                                                 Timothy W. Dore, WSBA #17131
5                                                Attorneys for Debtor

DEBTOR'S DISCLOSURE STATEMENT - 12

636395.01

